Argued and submitted April 4, affirmed July 2, 1997

## Terry L. SMOTHERS,
*Appellant,*

*v.*

## GRESHAM TRANSFER, INC.,
an Oregon corporation,
*Respondent.*

(9505-02969; CA A90805)

941 P2d 1065

Michael A. Gilbertson argued the cause and filed the briefs for appellant.

Thomas W. Sondag argued the cause for respondent. With him on the brief were Scott P. Monfils and Lane Powell Spears Lubersky.

Chess Trethewy and Garrett, Hemannn, Robertson, Paulus, Jennings & Comstock filed the brief *amicus curiae* for Associated Oregon Industries.

Maureen Leonard filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff alleges that, while acting in the course of his employment, he sustained personal injuries due to defendant employer's negligence. Defendant moved to dismiss for failure to state ultimate facts sufficient to constitute a claim, ORCP 21 A(8), and the trial court granted his motion. Plaintiff appeals and assigns error on the grounds that the court's application of ORS 656.018, the exclusive remedy provision of the Workers' Compensation Law, to his claim, violates the remedy clause of Article I, section 10, and the contract clause of Article I, section 21, of the Oregon Constitution. We affirm.

On an appeal from the trial court's grant of an ORCP 21 A motion, we assume the truth of all well-pleaded facts alleged in the complaint and give the plaintiff the benefit of all favorable inferences that may be drawn from those facts. *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992). The complaint alleges that plaintiff was employed by defendant as a lube technician in defendant's truck shop. Immediately next to the area where plaintiff worked is an area where defendant washed its trucks with a mixture that included one or more kinds of acid. Defendant negligently allowed acid laden mist and fumes to drift into the shop area where plaintiff worked, causing harm to his respiratory system, skin, teeth and joints. The complaint continues:

"14.

"In or around June of 1994, plaintiff filed a claim with defendant's worker's compensation insurer. On September 29, 1994, defendant's insurer issued a letter denying the compensability of plaintiff's injuries.

"15.

"Plaintiff requested a hearing before the Worker's Compensation Board of the State of Oregon to dispute defendant's insurer's denial of this claim. On April 19, 1995, the Worker's Compensation Board upheld the defendant's insurer's denial, finding that plaintiff's work environment at defendant's place of business was not the major contributing cause of his injuries and therefore, plaintiff did not have a 'compensable injury' within the meaning of ORS

656.005(7)(a) and ORS 656.018(1) and *the exclusivity provision of ORS 656.018 does not provide defendant with immunity from this civil claim."* (Emphasis supplied.)

Plaintiff commenced this action on May 4, 1995. The emphasized segment of the complaint draws its significance from *Errand v. Cascade Steel Rolling Mills, Inc.*, 320 Or 509, 888 P2d 544 (1995), a case in which the Supreme Court construed the text of ORS 656.018 that was in effect when plaintiff filed his complaint. At that time, ORS 656.018(1) provided, in part:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability *arising out of compensable injuries* to the subject workers * * *." (Emphasis supplied.)

In *Errand*, the Board ruled that the plaintiff's work-related harm was not a compensable injury. 320 Or at 514. The plaintiff then commenced an action in circuit court alleging that the work-related harm was due to the employer's negligence. The trial court granted summary judgment to the employer based on ORS 656.018. On appeal, the Supreme Court reversed, holding that "the exclusivity provision of ORS 656.018 does not provide [complying employers] with immunity from plaintiff's civil claims here, because plaintiff did not have a 'compensable injury' within the meaning of ORS 656.005(7)(a) and ORS 656.018(1)." *Id.* at 525.[1]

After the decision in *Errand* and after plaintiff filed this complaint, the legislature enacted Oregon Laws chapter 332 (1995), which, among other things, amended ORS 656.018. ORS 656.018 now provides, in part:

"(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability *arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment* that are sustained by subject workers * * *.

---

[1] The plaintiff in *Errand* also claimed that the exclusivity provision of ORS 656.018 (1993) violated the remedies clause of Article I, section 10. Because it held that the statute did not provide employers immunity from liability for work-related harms that were not "compensable injuries," the court did not reach that issue. *Errand*, 320 Or at 525 n 1.

"\* \* \* \* \*

"(2)  The rights given to a subject worker \* \* \* for injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment *are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute*, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition.

"\* \* \* \* \*

"(6)  The exclusive remedy provisions and limitation on liability provisions of this chapter apply to all injuries and to diseases, symptom complexes or similar conditions of subject workers arising out of and in the course of employment *whether or not they are determined to be compensable under this chapter*." (Emphasis supplied.)

Finally, the legislature provided that the amendments to ORS 656.018 would apply to "all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented." Or Laws 1995, ch 332, § 66(1).

Plaintiff contends that amended ORS 656.018 as applied to him violates the remedy clause of Article I, section 10. Article I, section 10, provides in part: "[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation." Plaintiff argues that, as a result of ORS 656.018, he has been left without a remedy for his work-related injuries that were the result of defendant's negligence. He points out that, under ORS 656.005(7)(a),[2] he

---

[2] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)  No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

has been denied a remedy for his injuries and that, under ORS 656.018, defendant is immune from all other liability.

■ We disagree with plaintiff's argument. First, "[t]he legislature has plenary power to enact laws. That means that it can enact any law that it wants as long as the law does not violate a prohibition in the state or federal constitution against its enactment." *Picray v. Secretary of State*, 140 Or App 592, 606, 916 P2d 324 (1996), (Armstrong, J., concurring), *aff'd* 325 Or 279 (1997). Within its plenary power, "[t]he legislature has the authority to determine what constitutes a legally cognizable injury." *Sealey v. Hicks*, 309 Or 387, 394, 788 P2d 435, *cert den* 498 US 819 (1990) (holding that ORS 30.905(1), the products liability statute of repose, did not violate the remedies clause because the legislature "has chosen to declare that injuries resulting from defective products are not legally cognizable if they occur 'more than 8 years after * * * the product was first purchased' "). In *Neher v. Chartier*, 319 Or 417, 879 P2d 156 (1994), the court stated:

"In *Noonan*,[3] this court recognized the legislature's ability to change the law, and in fact to abolish entirely a right of action, whether or not the right involved had existed at common law at the time of the Oregon Constitutional Convention. In substance, the distinction between a statutory claim and a common law claim was abandoned for purposes of Article I, section 10, analysis. The legislature's ability to make such alterations to rights of action, however, was not unfettered: it could not 'abolish a remedy and at the same

---

"(B) If an otherwise compensable injury combines at any time with a pre-existing condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

[3] The passage in *Noonan v. City of Portland*, 161 Or 213, 249, 88 P2d 808 (1939), to which the court refers, states:

"Article I, §10, Oregon Constitution, was not intended to give anyone a vested right in the law either statutory or common; nor was it intended to render the law static. Notwithstanding similar constitutional provisions in other states, the courts have sustained statutes which eliminated the husband's common law liability for the torts of his wife and which placed the wife upon an economic level with her husband. They have likewise sustained statutes which have abolished actions for alienation of affections, actions for breach of promise, etc. *The legislature cannot, however, abolish a remedy and at the same time recognize the existence of a right.*" (Emphasis supplied.)

time recognize the existence of a right.' " *Id*. at 427-28. (Footnote omitted.)

The question in this case is whether the legislature, when it amended ORS 656.018, intended to declare that a work-related harm that is outside the definition of "compensable injury" in ORS 656.005(7)(a) is not a "legally cognizable" injury. If that was its intention, then there is no "right" on which a "deprivation of a remedy" argument could be predicated. The Supreme Court has answered that question in *Kilminster v. Day Management Corp.*, 323 Or 618, 624, 919 P2d 474 (1996). In that case, the decedent's parents attempted to recover from the decedent's employer on a negligence-based theory of wrongful death under ORS 30.020.[4] The employer raised the exclusive remedies provisions of ORS 656.018 as a defense. Construing ORS 656.018 as amended in 1995, the court held:

> "The meaning of [ORS 656.018(1)(a) and 656.018(2)], as it relates to the issue in this case, is clear from its text and context. * * * *An employer that satisfies certain duties of the Workers' Compensation Act will be liable for on-the-job injuries suffered by a worker only to the extent that that liability is provided for in the Act itself.* A worker who is injured in the course and scope of employment is entitled to receive, from the worker's employer, only the remedies provided for in the Act." *Kilminster*, 323 Or at 624. (Citation and footnote omitted; emphasis supplied.)

In summary, it is clear that the legislature, by its 1995 amendment to ORS 656.018, intended to abolish whatever liability a complying employer could have had at common law under the predecessor statute as interpreted by the Supreme Court in *Errand*. Because plaintiff alleges that he suffered a negligently caused, work-related harm, he has not suffered a "legally cognizable injury" unless his injury is compensable under the Workers' Compensation Law. No right of action otherwise exists for which a remedy lies. Therefore,

---

[4] ORS 30.020(1) provides, in part:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

the application of ORS 656.018 to plaintiff's claim for personal injuries for damages does not violate Article I, section 10.

■ Next, plaintiff contends that "[t]he legislature's attempt to give retroactive effect to [ORS 656.018] impairs an obligation of contract and [thus] violates Article I, section 21, Oregon Constitution * * *." Article I, section 21, provides in part: "No * * * law impairing the obligation of contracts shall ever be passed * * *." Plaintiff alleges that he began employment in 1992 and suffered a work-related harm in 1992 or 1993. He posits that, under the provisions of ORS 656.018 in effect when he suffered his work-related harm, his employment contract with defendant permitted him to bring an action for negligently caused personal injury, even though his injuries were not compensable under the Workers' Compensation Law. He relies on the court's holding in *Errand*. Accordingly, he reasons that the 1995 amendment to ORS 656.018 was legislation after the date of plaintiff's injury that modified and abolished his vested right in his employment contract with defendant to obtain redress for his personal injuries.

■ The difficulty with plaintiff's argument is that he has not alleged any facts from which it could be inferred that any contract right of his was impaired by amended ORS 656.018. There is no allegation that a term of the employment contract existed that reserved his right to sue defendant for negligently caused personal injuries, apart from the parties' rights and obligations under the Workers' Compensation Law. The contractual right of employees, including plaintiff, to receive compensation under the Workers' Compensation Law in effect at the time of plaintiff's injuries was limited to compensable injures, and plaintiff was afforded his contractual rights regarding compensable injuries. "An employer who complie[s] fully with its statutory obligations to its employees [under the Workers' Compensation Law]* * * fulfill[s] its part of the bargain entirely." *Fields v. Jantec, Inc.*, 317 Or 432, 442, 857 P2d 95 (1993). In other words, the Workers' Compensation Law does not afford a contractual remedy when no compensable injury exists, and the law does not impose a contractual obligation on employers beyond compliance with its own provisions. Because plaintiff does not

allege any other contractual right to sue defendant at common law, his claim that his employment contract was impaired by enactment of the 1995 amendment to ORS 656.018 necessarily fails. The trial court did not err in granting defendant's motion to dismiss.

Affirmed.