Argued and submitted February 4, 2021, affirmed January 26, 2022

Danny BUNDY,
*Plaintiff-Appellant,*
*v.*

NUSTAR GP LLC,
*Defendant-Respondent,*
*and*

SHORE TERMINALS LLC,
*Defendant.*

Multnomah County Circuit Court
110810280; A169235

506 P3d 458

This appeal presents the question of statutory construction that was discussed but not resolved by the Supreme Court in the parties' earlier appeal, *Bundy v. NuStar GP, LLC*, 362 Or 282, 287, 407 P3d 801 (2017), which is whether ORS 656.019 provides a substantive exception to the exclusive remedy provision of the workers' compensation scheme, or instead imposes a procedural limitation on when the claims described in the statute can be brought. *Held*: The trial court did not err in determining that ORS 656.019(1)(a) has all the hallmarks of a procedural statute that governs the time for bringing a negligence action; it is not a substantive exception to the immunity provided in ORS 656.018. In so holding, the Court of Appeals emphasized that plaintiff had not advanced an argument on appeal that he was entitled to maintain his negligence action under Article I, section 10, of the Oregon Constitution, and the court expressed no opinion on the merits of that constitutional question. Because plaintiff's statutory argument was the only ground for his appeal, the court affirmed the judgment of the trial court.

Affirmed.

Christopher J. Marshall, Judge.

Carl Post argued the cause for appellant. Also on the briefs was Law Offices of Daniel Snyder.

R. Daniel Lindahl argued the cause for respondent. Also on the brief was Bullivant Houser Bailey PC.

James S. Coon and Thomas, Coon, Newton & Frost filed the brief *amicus curiae* for Oregon Trial Lawyers' Association.

David L. Runner filed the brief *amicus curiae* for SAIF Corporation and BDI Staffing.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

This appeal presents the question of statutory construction that was discussed but not resolved by the Supreme Court in the parties' earlier appeal, *Bundy v. NuStar GP, LLC*, 362 Or 282, 287, 407 P3d 801 (2017) (*Bundy II*): whether ORS 656.019 provides a substantive exception to the exclusive remedy provision of the workers' compensation scheme, or instead imposes a procedural limitation on when the claims described in the statute can be brought. We agree with the trial court that the legislature intended the latter, as evidenced by the express statement in ORS 656.019(1)(b) that "[n]othing in this subsection grants a right for a person to pursue a civil negligence action that does not otherwise exist in law." We therefore affirm.

## I.  BACKGROUND

Although this appeal presents only a statutory construction question, we provide an overview of the factual and procedural history that frames that question, in part because it reinforces the narrowness of our holding.

While employed by defendant as a terminal operator, plaintiff was exposed to dangerous levels of diesel, gasoline, and ethanol fumes, and defendant initially accepted a workers' compensation claim for nondisabling exposure to gasoline vapors. Later, plaintiff sought compensation for additional conditions arising out of the same incident, but defendant indicated that it was treating each of plaintiff's subsequent requests as a "consequential condition claim" and denied them on the basis that plaintiff's work exposure was not the major contributing cause of the subsequent conditions. Plaintiff challenged those denials through the workers' compensation system, but he was unable to establish that the work incident was the major contributing cause of his subsequent conditions, and the Workers' Compensation Board (board) ultimately issued a final order to that effect.

Meanwhile, plaintiff filed this civil action against defendant and attempted, through multiple amendments, to allege a claim for relief that would come within an exception to the immunity ordinarily afforded to employers by ORS 656.018. He eventually moved for leave to file a Fourth

Amended Complaint, which would have alleged that the board's determination on major contributing cause brought his civil negligence claims against defendant within the scope of ORS 656.019. That statute provides, in part:

> "An injured worker may pursue a civil negligence action for a work-related injury that has been determined to be not compensable because the worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury only after an order determining that the claim is not compensable has become final. The injured worker may appeal the compensability of the claim as provided in ORS 656.298, but may not pursue a civil negligence claim against the employer until the order affirming the denial has become final."

ORS 656.019(1)(a).

As we later discuss in more detail, ORS 656.019 was enacted in the wake of the Supreme Court's decision in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001), which held that the exclusive remedy provisions of ORS 656.018 were unconstitutional under Article I, section 10, of the Oregon Constitution, as applied to a workers' compensation claim that had been denied for failure to prove that the work-related incident was the major contributing cause of the injury or condition for which the worker sought compensation. And, in light of *Smothers*, plaintiff advanced a fallback argument: In the event that his negligence claims for the noncompensable conditions were not within the exception provided by ORS 656.019, then the workers' compensation scheme unconstitutionally denied him a remedy under Article I, section 10.

Defendant objected to the filing of the Fourth Amended Complaint. It did not dispute the underlying premise of plaintiff's statutory argument; that is, defendant assumed that the claims covered by ORS 656.019 were statutorily exempt from the exclusive remedy provision. However, defendant argued that ORS 656.019 was inapplicable because plaintiff's *claim* had been accepted, even if certain medical *conditions* were not compensable. Along those same lines, defendant argued that plaintiff had not been denied a remedy for purposes of a *Smothers* analysis

under Article I, section 10, because he had not been denied recovery on his entire claim, only on certain conditions.

The trial court agreed with defendant's views of the statute and the constitutional question, denied leave for plaintiff to file his Fourth Amended Complaint, and entered judgment in defendant's favor. Plaintiff appealed, and in April 2016, we affirmed the court's ruling on both grounds, holding that ORS 656.019 was limited to entire claims and that, under Article I, section 10, plaintiff could not prevail under the reasoning in *Smothers* "when his claim for his legal injury was accepted and benefits paid." *Bundy v. NuStar GP, LLC*, 277 Or App 785, 806, 808, 373 P3d 1141 (2016) (*Bundy I*).

And then came *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016). Less than a month after our decision in *Bundy I*, the Supreme Court issued its decision in *Horton*, which "overrule[d] *Smothers*" and "reaffirm[ed the Supreme Court's] remedy clause decisions that preceded *Smothers*, including the cases that *Smothers* disavowed." 359 Or at 218.

Shortly thereafter, plaintiff sought review of *Bundy I*, but his petition did not address our holding regarding the *Smothers* issue or the effect of the court's recent decision in *Horton*; rather, plaintiff raised only a question regarding our interpretation of ORS 656.019.[1] The Supreme Court allowed the petition, explaining that it had taken the case to "consider whether the Court of Appeals correctly construed the scope of ORS 656.019." *Bundy II*, 362 Or at 284. On that issue, the Supreme Court agreed with plaintiff that we had erred in our construction of what constitutes "the claim" for purposes of ORS 656.019, reasoning instead that the legislature used the phrase "in the expansive sense that encompasses claims—like plaintiff's—for a condition that is denied on major-contributing-cause grounds after an initial claim acceptance has been issued." *Bundy II*, 362 Or at 297.

---

[1] *See Bundy II*, 362 Or at 286 n 5 ("Plaintiff also argued in the Court of Appeals that his allegations stated a claim for intentional injury and that he has a constitutional right to bring his negligence action. *** The Court of Appeals rejected both arguments, and plaintiff has not challenged those determinations on review.").

However, before remanding the case to the trial court based on that error, the Supreme Court addressed an alternative ground for affirmance raised by defendant. In its responsive briefing in the Supreme Court, defendant had "suggest[ed] for the first time that it dispute[d] the premise that underlies plaintiff's argument, contending that, regardless of the scope of ORS 656.019, the statute does not confer a 'substantive right' but merely establishes procedural requirements for filing actions that are otherwise exempt from the exclusive remedy provision." *Bundy II*, 362 Or at 284-85.

Defendant, in arguing that ORS 656.019 established procedural requirements, highlighted the "'*only* after an order *** has become final'" text in ORS 656.019(1)(a), which, in defendant's view, addressed "'*when* an assumed right may be exercised' without additionally creating the right." *Bundy II*, 362 Or at 298 (emphasis by defendant). Plaintiff responded that the "may pursue" language at the beginning of ORS 656.019(1)(a) should be read as an express grant of authority to pursue actions that fall within the scope of the statutory language.

The Supreme Court briefly entertained the merits of those competing arguments, noting some textual support for both perspectives. But that was as far as the court went. Notably, the court did not mention or discuss ORS 656.019 (1)(b), which provides that "[n]othing in this subsection grants a right for a person to pursue a civil negligence action that does not otherwise exist in law." Rather, the Supreme Court "expressly reserve[d] for another day *** the comprehensive statutory analysis needed to resolve whether the legislature intended ORS 656.019 to function as a substantive exception to the exclusive remedy provision," and made clear that its "limited holding is not intended to preclude these or future parties from properly presenting an argument that the legislature did not intend ORS 656.019 to function as a substantive exception to the exclusive remedy provision." *Bundy II*, 362 Or at 298-99.

The case was remanded to the trial court, and plaintiff filed his Fourth Amended Complaint. Defendant, predictably, moved to dismiss the complaint based on the

same argument that it had raised in the Supreme Court. Defendant contended (1) that ORS 656.019 addresses only when an injured worker may bring a negligence claim if that claim is authorized under some other source of law, and (2) that this court in *Bundy I* had already rejected plaintiff's argument that the application of ORS 656.018 was unconstitutional under Article I, section 10, a holding that plaintiff had not challenged and was therefore law of the case.

Plaintiff disputed both of those points, arguing that ORS 656.019 provides a substantive right to bring an action and that, if not, Article I, section 10, independently authorized his negligence claims. On the latter point, plaintiff argued that the law of the case doctrine was inapplicable, and that defendant had failed at the pleading stage to show that plaintiff received an adequate remedy through the workers' compensation system.

After a hearing on the motion, the trial court ruled in favor of defendant. It explained that "we've now done the comprehensive statutory analysis referenced in the Supreme Court's opinion, and *** the Court finds that the legislature did not intend ORS 656.019 to function as a substantive exception to the exclusive remedy provision, 656.018." The court then clarified that it was also rejecting the constitutional argument, on the ground that it had already been addressed "on the first go-around on the first motion" and that "it can't be relitigated." Based on those rulings, it granted the motion to dismiss the Fourth Amended Complaint and entered judgment for defendant.

Plaintiff now appeals that judgment, assigning error to the court's dismissal of his complaint. His briefing is confined to the statutory construction question, asserting that ORS 656.019 creates a substantive exception to ORS 656.018. The Oregon Trial Lawyers Association (OTLA) has filed an *amicus* brief in support of that position.

In response, defendant reiterates its contention that ORS 656.019 does not function as a substantive exception to the bar in ORS 656.018, pointing out that the legislature in "ORS 656.019(1)(b) disavowed any intent to create substantive rights" by stating that "[n]othing in this subsection grants a right for a person to pursue a civil negligence action

that does not otherwise exist in law." SAIF Corporation and BDI Staffing have filed *amicus* briefing in support of that view.

## II.   DISCUSSION

Before proceeding to the statutory construction question raised by plaintiff, we emphasize what is *not* before us. Plaintiff's assignment of error does not present a constitutional argument that Article I, section 10, requires a remedy for his injury. In part because of the timing of *Horton*, this case over the years has presented a kaleidoscope of shifting arguments involving the intersection of workers' compensation statutes and remedies clause jurisprudence. But, despite raising constitutional arguments in the trial court at different stages and in this court in *Bundy I*, plaintiff has chosen not to advance a constitutional argument in this appeal, and he does not address the trial court's ruling regarding the law of the case doctrine as it relates to the constitutional question. For that reason, despite the constitutional issues in the backdrop of this case, we confine our decision to the only question adequately presented by plaintiff's assignment of error, which is the meaning of ORS 656.019(1)(a).

When addressing a question of statutory construction, we follow the analytical framework described in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), with the "'paramount goal' of discerning the intent of the legislature." *Simi v. LTI Inc. - Lynden Inc.*, 368 Or 330, 336, 491 P3d 33 (2021) (quoting *Gaines*, 346 Or at 171-72). In pursuit of that goal, "we primarily consider the text and context of a statute, because there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." *Simi*, 368 Or at 336 (internal quotation marks and citation omitted). We also consider legislative history when it appears useful to our analysis. *Id.*

The parties' dispute in this case turns on the meaning of ORS 656.019(1)(a). The first sentence of that statute, again, provides that "[a]n injured worker *may pursue a civil negligence action* for a work-related injury that has been determined to be not compensable because the worker has

failed to establish that a work-related incident was the major contributing cause of the worker's injury *only after an order determining that the claim is not compensable has become final*." (Emphasis added.) As noted earlier, in *Bundy II*, the Supreme Court began the task of construing that sentence. The court's discussion is a helpful place to start the statutory analysis:

> "Plaintiff—and until now defendant—has assumed that the phrase 'may pursue' expresses a grant of authority to pursue actions that fall within the scope of the statutory language. That construction is consistent with the ordinary meaning of the term 'may' as 'have permission to.' *Webster's Third New Int'l Dictionary* 1396 (unabridged ed 2002); *see Gaines*, 346 Or at 166 (A statute providing that a party '"may" offer legislative history to the court' means the party 'is statutorily entitled, but not obligated, to offer the court legislative history.').

> "In its respondent's brief in this court, however, defendant questions that assumption. Defendant argues that the verb 'may' should be understood as modified by the final clause of the sentence, so that it expresses a single proposition. Defendant excerpts the text to illustrate that way of reading the statute: 'An injured worker may pursue a civil negligence action * * * *only* after an order determining that the claim is not compensable has become final.' (Emphasis in original.) According to defendant, the statute read in that way merely explains '*when* an assumed right may be exercised' without additionally creating the right. (Emphasis in original.)

> "Defendant's interpretation of the phrase is also plausible. Although a statute providing that a person 'may pursue' a particular action '*only* after' a particular event can imply that the legislature is also providing a right to pursue the action after the particular event, the two propositions are not logically equivalent. Imposing procedural limitations on a particular type of action may simply mean that the legislature understood some external authority to already authorize the type of action. Indeed, as explained above, the legislature adopted ORS 656.019 at a time when it understood that *Smothers* made at least some of the actions described in ORS 656.019 constitutionally exempt from the exclusive-remedy bar."

362 Or at 297-98 (footnote omitted).

Because the Supreme Court elected to remand the case to the trial court rather than engage in a more "comprehensive statutory analysis," it did not further address the text of ORS 656.019 (such as paragraph (1)(b)), nor did it further discuss any pertinent legislative history. For the reasons that follow, having done that more comprehensive analysis, we conclude that defendant's interpretation of the statute as a procedural limitation is not only plausible but is, in fact, the legislature's intended meaning.

Two textual clues in ORS 656.019(1), beyond those discussed in *Bundy II*, persuade us that the first sentence of the statute was intended merely as a procedural limitation on claims authorized elsewhere, not a substantive exception to ORS 656.018. The first is the second sentence of paragraph (1)(a), which provides that "[t]he injured worker may appeal the compensability of the claim as provided in ORS 656.298, but *may not pursue* a civil negligence claim against the employer *until the order affirming the denial has become final*." ORS 656.019(1)(a) (emphases added). Read in conjunction with the first sentence, the second sentence reinforces the view that the words "may pursue \*\*\* only after" and "may not pursue \*\*\* until" are alternative ways of describing a timing restriction: The first sentence imposes the limitation that the claim be brought "only after an order determining that the claim is not compensable has become final," and the second sentence clarifies how that timing works in the case of judicial review.

However, the strongest indication that ORS 656.019 (1)(a) is a procedural limitation, not a substantive exception, is the one that we identified at the outset: ORS 656.019(1)(b), which was enacted at the same time as paragraph (1)(a). It provides an unambiguous statement of the legislature's intent with regard to creating any substantive right to pursue a negligence claim: "Nothing in this subsection grants a right for a person to pursue a civil negligence action *that does not otherwise exist in law*." ORS 656.019 (1)(b) (emphasis added).

Faced with that express disclaimer in ORS 656.019 (1)(b), plaintiff and OTLA posit a highly technical reading of the statute. They argue that ORS 656.019(1)(a)

"restores" a right rather than "grants" one, because it restores a common-law right to bring a negligence claim that had been replaced by the workers' compensation remedy; therefore, ORS 656.019(1)(a) should be read to restore a substantive right, avoiding any conflict with the disclaimer in paragraph (b) that the subsection does not "grant" the right to bring a civil action. We are not persuaded by that attempt to parse the meaning of the statute, particularly in light of the history of ORS 656.019.

The historical context in which ORS 656.019 was enacted, as well as statements by legislators considering the relevant bill, confirm a straightforward reading of ORS 656.019(1): that it was intended to create a process for handling negligence claims that found their source outside ORS 656.019(1)—specifically, claims protected by Article I, section 10.

As the Supreme Court explained in *Bundy II*, the legislature in 1995 amended ORS 656.018 to provide that the exclusive remedy provision would apply to all work-related injuries "whether or not they are determined to be compensable under this chapter." Or Laws 1995, ch 332, § 5.[2] That expansion of the exclusive remedy provision created a category of injury for which the workers' compensation laws barred a civil negligence action but did not provide compensation benefits in exchange. *Bundy II*, 362 Or at 288.

The legislature initially made that 1995 expansion of the exclusive remedy provision temporary through a sunset provision, then later postponed the sunset date in 1999 as part of a compromise package of amendments to the workers' compensation laws. *Id.* In the meantime, an injured worker challenged the expanded exclusive-remedy bar as a violation of the right to a remedy that is guaranteed by Article I, section 10, at least when applied to certain work-related injuries for which the workers' compensation laws provided no compensation. *Smothers v. Gresham Transfer, Inc.*, 149 Or App 49, 53-54, 941 P2d 1065 (1997), *rev'd*, 332 Or 83, 23 P3d 333 (2001).

---

[2] The court in *Bundy II* discussed the historical context of ORS 656.019 in considering this court's interpretation of the scope of "the claim," but much of that history is equally relevant to the issue before us now.

The Supreme Court was considering that worker's case, *Smothers*, at the same time that the 2001 legislature began hearings on another comprehensive package of amendments to the workers' compensation laws, including one to make the expansion of ORS 656.018 permanent. *Bundy II*, 362 Or at 288. In the middle of that legislative process—the 2001 bill had been passed out of the assigned Senate committee and was about to be taken up by the House of Representatives—the Supreme Court issued its decision in *Smothers*, holding in favor of the worker. *Bundy II*, 362 Or at 289. The Supreme Court described its holding this way: "[W]e hold that, if a workers' compensation claim alleging an injury to a right that is protected by the remedy clause is denied for failure to prove that the work-related incident giving rise to the claim was the major contributing cause of the injury or condition for which the worker seeks compensation, then the exclusive remedy provisions of ORS 656.018 (1995) are unconstitutional under the remedy clause." *Smothers*, 332 Or at 86.

The statute at issue in this case, ORS 656.019, was the product of an amendment to the pending workers' compensation bill immediately following the Supreme Court's decision in *Smothers*. *Bundy II*, 362 Or at 288-89. The bill used the same description of the negligence claim that was protected by the remedy clause in *Smothers*: a negligence action for a workplace injury denied for failure to meet the "major contributing cause" standard. And the legislative history is replete with statements by legislators and other involved in the drafting process describing their intent to create a procedure for handling *Smothers* claims, whereby injured workers were required to first "exhaust" their administrative remedies before going to court. Tape Recording, House Committee on Rules, Redistricting and Public Affairs, SB 485A, June 15, 2001, Tape 150, Side A (statement of John Shilts, Administrator, Workers' Compensation Division, Department of Consumer and Business Services) (referring to requirement that worker has "exhausted a workers' compensation remedy through at least an Administrative Law Judge at the Workers Compensation Board" before pursuing a civil action); Tape Recording, House Floor Proceedings, SB 485A, July 4, 2001, Tape 234, Side B (statement of Rep

Carl Wilson) (explaining that "the bill clarifies the process the injured workers must follow to exhaust their workers' compensation remedy, shielding all parties from the extra cost of having to pursue both the workers' compensation claim and court case at the same time"); Tape Recording, Senate Floor Proceedings, SB 485A, July 5, 2001, Tape 277, Side A (statement of Sen Roger Beyer) ("This bill * * * says that a person has to go through the workers' compensation system prior to entering the court system in a work—case of a workplace injury. They have to go through the workers' compensation system first before they can do that.").

Viewed in that context, it is evident that the legislature understood ORS 656.019(1) to establish a process for workers to bring the kind of civil actions that it believed *Smothers* would allow based on Article I, section 10. *Accord Bundy II*, 362 Or at 295 (explaining that, although the legislature may not have intended to restrict the scope of ORS 656.019 to the factual circumstances in *Smothers*, "the legislative history reveals an intention to capture and limit the kind of civil actions that the legislature believed *Smothers* would allow"). There is no indication that the legislature intended ORS 656.019(1)(a) itself to create any substantive right to bring a claim beyond what already existed in the workers' compensation scheme or by virtue of *Smothers*. Nor is there any reason to think that the legislature was drawing a hyper-technical distinction between the granting or restoring of rights with regard to *Smothers*. Rather, we take the legislature at its word when it says that nothing in ORS 656.019—including the "may pursue" language in ORS 656.019(1)(a)—"grants a right for a person to pursue a civil negligence action that does not otherwise exist in law." ORS 656.019(1)(b).[3]

---

[3] OTLA suggests that the constitutional avoidance principle requires us to interpret ORS 656.019 in a way that does not deprive plaintiffs of remedies to which they are entitled under Article I, section 10. *See generally State v. Wolfe*, 368 Or 38, 50, 486 P3d 748 (2021) (describing when a court "will give a statute such an interpretation as will avoid constitutional invalidity"). We do not understand how that doctrine has any application in this context, where the statute was intended to provide a procedural pathway for constitutionally required claims. If plaintiffs are denied a remedy as a result of workplace exclusivity, that is because of ORS 656.018, not our interpretation of ORS 656.019.

In sum, we agree with the trial court that ORS 656.019(1)(a) has all the hallmarks of a procedural statute that governs the time for bringing a negligence action; it is not a substantive exception to the immunity provided in ORS 656.018. In so holding, we again emphasize that plaintiff has not advanced an argument on appeal that he is entitled to maintain his negligence action under Article I, section 10, and we express no opinion on the merits of that constitutional question. We reject plaintiff's statutory argument, which was the only ground for his appeal, affirm the judgment of the trial court, and leave for another day the more complex question of what is left of the holding of *Smothers* after *Horton*. *See Bundy II*, 362 Or at 289 n 10 ("This court in *Horton* overruled the construction of the remedy clause on which *Smothers* relied. 359 Or at 218. But *Horton* did not specifically overrule *Smothers*'s ultimate holding that injured workers who 'receive no compensation benefits' have a constitutional right to pursue a civil action for their injury.").

Affirmed.